**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4153**

———————————

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

      versus

CHRISTOPHER BRIAN AUSTIN,

                                  Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-04-299)

———————————

Submitted:  May 5, 2006                 Decided:  July 20, 2006

———————————

Before LUTTIG[1] and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Hervery B. O. Young, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Jonathan S. Gasser, United States
Attorney, Carlton R. Bourne, Jr., Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

———————————

[1]Judge Luttig was a member of the original panel but did not
participate in this decision.  This opinion is filed by a quorum of
the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Austin appeals the 147-month sentence imposed after he pleaded guilty, pursuant to a plea agreement, to one count of attempted manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2000), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). We affirm.

Austin first asserts that he did not validly waive his right to appeal his sentence in the plea agreement. We review whether a defendant validly waived the right to appeal de novo by examining the totality of the circumstances. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). Although the plea agreement includes a very broad waiver of Austin's right to contest sentencing issues, we conclude that, with regard to the Guidelines[2] enhancement for creating a substantial risk of harm to a minor, the waiver is not valid.

Austin next argues that the Government breached the plea agreement by having an agent available to testify to facts supporting the enhancement for substantial risk of harm to a minor. Austin did not object to the Government presenting the witness at sentencing, and he must therefore demonstrate plain error before he can obtain any relief. See United States v. Fant, 974 F.2d 559, 562 (4th Cir. 1992) (applying plain error analysis in context of

---

[2]U.S. Sentencing Guidelines Manual (2003).

breach of plea agreement).  In order to do so, Austin must establish the breach was "'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'" <u>United States v. McQueen</u>, 108 F.3d 64, 66 (4th Cir. 1997) (quoting <u>Fant</u>, 974 F.2d at 565).  Our review of the record convinces us that the Government did not breach the plea agreement by responding to the district court's questions at sentencing.

Austin next argues that his sentence was imposed in violation of <u>United States v. Booker</u>, 543 U.S. 220 (2005).  He first asserts that the six-level enhancement of his offense level for creating a substantial risk of harm to a minor was imposed based upon facts found by the district court, in violation of his Sixth Amendment rights.  He also argues that the district court erred in sentencing him pursuant to a mandatory Guidelines scheme. The Government responds that, because Austin did not assert a specific objection pursuant to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), at sentencing, this issue is reviewed for plain error.  We recently held that a timely <u>Blakely</u> objection asserted at sentencing was sufficient to preserve a claim of error under <u>Booker</u>.  <u>United States v. Rodriguez</u>, 433 F.3d 411, 415-16 (4th Cir. 2006).  We find that counsel's assertion of a <u>Blakely</u> objection at sentencing was sufficient to preserve his assignment of <u>Booker</u> error.  We thus review Austin's assertions of sentencing error

under the harmless error standard. <u>Rodriguez</u>, 433 F.3d at 416. In harmless error review, the "defendant is entitled to relief if an error has affected his substantial rights," and the burden is on the Government to show that any error did not affect the defendant's substantial rights. <u>Id.</u>

In <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005), we held that a sentence that was imposed under the pre-<u>Booker</u> mandatory sentencing scheme and was enhanced based on facts found by the court, not by a jury, constitutes plain error that affects the defendant's substantial rights and warrants reversal under <u>Booker</u> when the sentence "exceeded the maximum allowed based on the facts found by the jury alone" and the record does not disclose what discretionary sentence the district court would have imposed under an advisory guideline scheme. <u>Hughes</u>, 401 F.3d at 546-47, 556. We have also recognized that the application of the Guidelines as a mandatory determinant in sentencing is error that is plain. <u>United States v. White</u>, 405 F.3d 208, 216-17 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005). The Government asserts that any error is harmless in light of the district court's announcement of an identical alternate sentence.

In <u>United States v. Revels</u>, __ F.3d __, 2006 WL 1134148 (4th Cir. May 1, 2006), we concluded that a Sixth Amendment error was harmless because the error did not affect the outcome of the proceeding, based on the district court's announcement of an

identical alternate sentence after considering the Guidelines as advisory only.   <u>Id.</u> at *3.   In this case, as in <u>Revels</u>, the district court announced an alternate sentence identical in all respects to the sentence imposed.   We therefore conclude that any error in Austin's sentence is harmless.

Accordingly, we affirm Austin's sentence.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>